**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Phoebe Wilson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 6626 |
| | ) | |
| Firstsource Advantage, LLC, a New York limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Phoebe Wilson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Phoebe Wilson ("Wilson"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a delinquent American Express account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Firstsource Advantage, LLC ("Firstsource"), is a New York corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Firstsource operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Firstsource was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Firstsource is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois.  See, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant Firstsource conducts business in Illinois.

6.      Moreover, Defendant Firstsource is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Firstsource acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Wilson is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for an American Express account.  When Firstsource began trying to collect the American Express debt from Ms. Wilson, by sending her a collection letter dated September 30, 2013, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Firstsource's collection actions.  A copy of this letter is attached as Exhibit C.

2

8.      Accordingly, on November 19, 2013, one of Ms. Wilson's attorneys at LASPD informed Firstsource, in writing, that Ms. Wilson was represented by counsel, and directed Firstsource to cease contacting her, and to cease all further collection activities because Ms. Wilson was forced, by her financial circumstances, to refuse to pay her unsecured debts.  Copies of this letter and the fax confirmation and are attached as Exhibit D.

9.      Nonetheless, Defendant Firstsource sent a collection letter, dated April 1, 2014, directly to Ms. Wilson, which demanded payment of the American Express debt. A copy of this collection letter is attached as Exhibit E.

10.     Accordingly, one of Ms. Wilson's LASPD attorneys had to write to Defendant Firstsource to demand, yet again, that it cease communications and cease collection of the debt.  Copies of this letter and the fax confirmation are attached as Exhibit F.

11.     Defendant Firstsource's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant Firstsource's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. Wilson's, agent/attorney, LASPD, told Defendant Firstsource to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Firstsource violated § 1692c(c) of the FDCPA.

16.     Defendant Firstsource's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Firstsource knew that Ms. Wilson was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Firstsource to cease directly communicating with her.  By directly sending Ms. Wilson the April 1, 2014 letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Firstsource violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Firstsource's violation of § 1692c(a)(2) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Phoebe Wilson, prays that this Court:

1.      Find that Defendant Firstsource's debt collection actions violated the

FDCPA;

2.      Enter judgment in favor of Plaintiff Wilson, and against Defendant

Firstsource, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Phoebe Wilson, demands trial by jury.

Phoebe Wilson,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 27, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com